FILED
7/3/2023
Court of Appeals
Division I
State of Washington

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

IN THE MATTER OF THE PERSONAL
RESTRAINT OF:

TERRANCE JOE QUINLAN,

                      Petitioner.

No. 84573-0-I

DIVISION ONE

UNPUBLISHED OPINION

PER CURIAM — Terrance Joe Quinlan filed a personal restraint petition challenging his restraint under the judgments and sentences entered in King County Superior Court Cause Nos. 15-1-00767-6 SEA and 15-1-00794-3 SEA. In each matter, Quinlan pleaded guilty to one count of domestic violence felony violation of a court order.[1] It is undisputed that each of these offenses was a crime against a person under RCW 9.94A.411 and a class C felony. For each offense, the sentencing court imposed a prison-based drug offender sentencing alternative (DOSA) sentence specifying that Quinlan would serve 30 months in confinement, followed by 30 months of community custody. Each judgment and sentence specified, additionally, "If the defendant fails to complete the [DOSA] program or is administratively terminated from the program, he/she shall be reclassified . . . to serve the balance of the unexpired term of sentence." And, the following provision ("12-month additional community custody provision") appears at the bottom of page four of each judgment and sentence:

---

[1] In Cause No. 15-1-00767-6 SEA, Quinlan also pleaded guilty to one count of possession of a stolen vehicle; however, that conviction is not at issue in this personal restraint petition proceeding.

> The court further imposes an additional term of Community Custody of 12 months upon failure to complete or administrative termination from DOSA program if any of these offenses is a crime against a person (RCW 9.94A.411) or a felony violation of RCW 69.50/52. The defendant in this event shall comply with the conditions of Community Custody set forth in section 4.7 herein.

Quinlan contends that the 12-month additional community custody provision renders each judgment and sentence invalid because the provision, if implemented, will result in a sentence in excess of the statutory, 60-month maximum for class C felonies.[2] See RCW 9A.20.021 (maximum term of confinement for a class C felony is five years); see also RCW 9.94A.701(3)(a), (10) (directing the court to impose an additional one-year term of community custody when sentencing a person for a crime against a person but also providing that "[t]he term of community custody specified by this section shall be reduced by the court whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime as provided in RCW 9A.20.021"). The State "agrees that there is a possibility, if Quinlan fails the DOSA sentence, for the total amount of confinement and community custody to total 72 months, exceeding the statutory maximum." Accordingly, the State concedes that Quinlan's petition should be granted and the matter remanded to the superior court to strike the 12-month additional community custody provision from the judgments and sentences at issue.

We accept the State's concession, grant Quinlan's petition to the extent it challenges the 12-month additional community custody provision, and remand to the superior court to strike that provision from the judgments and sentences entered in King

---

[2] Quinlan raised additional claims in his petition; however, only his challenge to the 12-month additional community custody provision was referred to a panel for determination on the merits.

No. 84573-0-I/3

County Superior Court Cause Nos. 15-1-00767-6 SEA and 15-1-00794-3 SEA.

FOR THE COURT:

_Chung, J._

_Coburn, J._

_Mann, J._

-3-